UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

M.B.D. NO. 11-mc-91051

UNITED STATES

v.

ANTHONY S. PUCCIO

ORDER ON RESPONDENT'S MOTION
TO QUASH ENFORCEMENT OF AN
INTERNAL REVENUE SERVICE SUMMONS

June 29, 2011

STEARNS, D.J.

After a hearing, the court ordered respondent Anthony Puccio to comply with the Internal Revenue Service (IRS) summons issued in his case. The court, however, stayed the immediate enforcement of the order to give Mr. Puccio an opportunity to both reconsider his objection or to articulate any legal reason why (as he contended) the United States Constitution forbids the IRS from gathering the requested tax-related information. In a pleading submitted by mail on or about June 14, 2011, Mr. Puccio correctly articulates the law that grants the IRS access to the enforcement power of the district court and acknowledges that it is his burden to show bad faith or improper purpose on the part of the IRS.

To obtain judicial enforcement of an IRS summons issued under 26 U.S.C. §

7602, the government is required to show that: (a) the investigation will be conducted pursuant to a legitimate purpose; (b) the inquiry may be relevant to the purpose; (c) the information sought is not already within the Commissioner's possession; and (d) the administrative steps required by the [Internal Revenue] Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). The court is satisfied that the *Powell* factors have been met.

As I understand Mr. Puccio's objection, it is based on a belief derived from his understanding of the writings of Adam Smith and dicta taken from early nineteenth century Supreme Court opinions, that the Sixteenth Amendment does not permit the taxation of individual income. This is not a new argument – it has been asserted in the federal courts since at least 1948 and has failed in every venue in which it has been raised. So complete has been the failure that federal courts for some time have given the argument short shrift. In one frequently quoted Fifth Amendment opinion, the Circuit Court concluded that:

> We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit. The constitutionality of our income tax system – including the role played within that system by the Internal Revenue Service and the Tax Court – has long been established. . . . [Crain's argument] is a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish.

*Crain v. Comm'r of Internal Revenue*, 737 F.2d 1417, 1417-1418 (5th Cir. 1984). As

2

Judge Boudin has recently observed in a more charitable tone in addressing a petitioner's rambling contention that the court had no legitimate authority over his person:

> This is a misunderstanding of the law, but it seems to be a common illusion among certain groups alienated from society and is often reflected in doctrinal writings parroted in pleadings. . . . Thus, "[m]any litigants articulate beliefs that have no legal support – think of tax protestors who insist that wages are not income, that taxes are voluntary, or that only foreigners must pay taxes . . . ."

*Robidoux v. O'Brien*, No. 10-1239, 2011 WL 2535566 (1st Cir. June 28, 2011), quoting *United States v. James*, 328 F.3d 953, 955 (7th Cir. 2003). As Judge Boudin acknowledged, these beliefs may often be sincerely held (as no doubt is the case here), but sincerity of belief cannot rescue a constitutional claim that is invalid on its face.

### ORDER

Because respondent has articulated no basis under which the court could find that the IRS is proceeding in bad faith or with an improper purpose or with deficient process, the motion to quash is <u>DENIED</u>. Respondent will comply with the summons forthwith.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE