UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

M.B.D. No. 11-mc-91051

UNITED STATES

v.

ANTHONY S. PUCCIO

MEMORANDUM AND ORDER ON
THE GOVERNMENT'S MOTION FOR CONTEMPT AND
RESPONDENT'S REQUEST FOR DOCUMENTARY EVIDENCE

September 23, 2011

STEARNS, D.J.

In this case, the government seeks to enforce compliance by respondent Anthony S. Puccio with an Internal Revenue Service (IRS) summons issued pursuant to section 7602 of the Internal Revenue Code. *See* 26 U.S.C. § 7602. Presently before the court is the government's motion for an order to show cause as to why Puccio should not be held in contempt. The court heard oral argument on September 22, 2011.

BACKGROUND

On March 9, 2011, the government filed a petition to enforce an IRS summons issued to Puccio. Following a hearing on June 6, 2011, this court ordered Puccio to

comply with the summons on or before June 28, 2011.[1]  *See* June 7, 2011 Order (Dkt. #12).  In a pleading submitted by mail on or about June 14, 2011, Puccio moved to quash the court's order.  On June 29, 2011, the court denied Puccio's motion to quash, finding that the *Powell* criteria had been met.  *See United States v. Powell*, 379 U.S. 48, 57-58 (1964).  The court again ordered Puccio to "comply with the summons forthwith."  *See* June 29, 2011 Mem. & Order (Dkt. #15) at 3.  On or about July 5, 2011, Puccio filed a motion for reconsideration, which the court denied on July 7, 2011.  On July 13, 2011, the government filed a motion for an order directing Puccio to show cause as to why he should not be held in contempt.  On or about August 19, 2011, Puccio filed a request for documentary evidence.

## DISCUSSION

### I. The Government's Motion for Contempt

"Generally, a court may impose civil contempt sanctions pursuant to the minimal procedures of notice and an opportunity to be heard; the reason for this is that the civil contemnor may avoid the sanction by obeying the court's order."  *United States v. Winter*, 70 F.3d 655, 661 (1st Cir. 1995).  "A civil contempt must be established by

---

[1] The court stayed the immediate enforcement of the order to give Puccio an opportunity to reconsider his objection or to articulate any legal reason why (as he contended) the United States Constitution forbids the IRS from demanding that he produce the requested tax-related information.

clear and convincing evidence and the underlying order must be clear and unambiguous in its terms." *Gemco Latinoamerica, Inc. v. Seiko Time Corp.*, 61 F.3d 94, 98 (1st Cir. 1995).  Good faith does not relieve a party from civil contempt in the face of a clear and unambiguous order.  *Star Fin. Servs., Inc. v. AASTAR Mortg. Corp.*, 89 F.3d 5, 13 (1st Cir. 1996).  On the other hand, a court may excuse a contempt where a party has made diligent efforts at substantial compliance, even though achieving less than "letter perfect" results.  *AccuSoft Corp. v. Palo*, 237 F.3d 31, 47 (1st Cir. 2001).

In support of its motion for contempt, the government submits the declaration of Revenue Officer Barry J. Martin, which states that Puccio has refused to provide the IRS with the summonsed financial information and thus, he has failed to comply with the court's June 7, 2011 Order.  *See* Martin Decl. ¶ 5.  In his response to the government's motion, Puccio states that his "defense in court will be based on U.S.C. Title 26 and the Internal Revenue Service's compliance to it, along with my own compliance to show why I should not be held in contempt."  Specifically, Puccio cites 26 U.S.C. § 7491(a)(1):

> **Burden shifts where taxpayer produces credible evidence. –**
>
> > (1) **General rule**.  If, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue.

However, Puccio does not explain how or why this provision applies to his case; indeed, it does not, in light of 26 U.S.C. § 7491(a)(2):

> **Limitations.** – Paragraph (1) shall apply with respect to an issue only if –
> (A) the taxpayer has complied with the requirements under this title to substantiate any item;
> (B) the taxpayer has maintained all records required under this title and has cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews; and
> (C) in the case of a partnership, corporation, or trust, the taxpayer is described in section 7430(c)(4)(A)(ii).

The government asserts that Puccio has failed to cooperate with its reasonable requests for information and documents, as § 7491(a)(2)(B) requires. Thus, 26 U.S.C. § 7491(a)(1) does not apply to Puccio, nor does it provide him with a defense to the government's motion for contempt.

Here, the underlying order is clear and unambiguous in its terms. Indeed, the court has twice ordered Puccio to comply with the IRS summons. *See* June 7, 2011 Order (Dkt. #12); June 29, 2011 Mem. & Order (Dkt. #15). Puccio has failed to demonstrate diligent efforts to comply with the court's orders.[2] Therefore, the court

---

[2] At the September 22, 2011 hearing, Puccio voiced his objection to being compelled to answer potentially incriminating questions by the IRS. As the court explained, the Fifth Amendment privilege against self-incrimination "applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it." *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924). The privilege "not only extends to answers that would in themselves support a conviction

will allow the government's motion for contempt.

## II. Puccio's Request for Documentary Evidence

On or about August 19, 2011, Puccio filed a request for documentary evidence, stating: "I requested my IRS file from Agent Martin in writing on March 15, 2011. To date I have received nothing.[3] At minimum I am requesting copies of the actual IRS 1040 forms that Agent Martin created to assess my tax liability."[4] The government argues that Puccio's request should be denied because the information sought is

---

under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). However, unlike in a criminal proceeding, in a civil action an adverse inference may be drawn from the refusal of a party to testify on the grounds of possible self-incrimination. *Mitchell v. United States*, 526 U.S. 314, 328 (1999); *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *Serafino v. Hasbro, Inc.*, 82 F.3d 515, 518 (1st Cir. 1996). A witness may not rely on a "bald assertion" of the Fifth Amendment privilege but must assert it specifically as to each potentially incriminating line of inquiry. *See United States v. Goodwin*, 625 F.2d 693, 700-701 (5th Cir. 1980). When a witness claims the privilege, the trial judge must then make an informed determination as to whether the risk of prosecution is real, "and not a mere imaginary, remote or speculative possibility . . . ." *In re Morganroth*, 718 F.2d 161, 167 (6th Cir. 1983).

[3] Martin sent Puccio a copy of his IRS file on August 23, 2011. However, this file does not contain copies of Puccio's tax returns. *See* Gov.'s Br. at 4, Ex. A.

[4] The government states that "Puccio has the mistaken belief that Revenue Officer [Martin] created 1040 forms to assess Mr. Puccio's tax liability. Tax forms are created and assessments are made by the IRS service center." *Id*. at 4 n.3

5

irrelevant to the issue before this court[5] – whether Puccio has failed to comply with the court's orders and is therefore in contempt. While Puccio's tax returns may be relevant to his underlying tax liability, the government contends that they are of no moment here, because

> [a] summons enforcement proceeding is a limited action that seeks judicial enforcement of administrative process. It is not the forum for [Puccio] to contest his underlying tax liability . . . . To permit discovery on an ancillary issue that is irrelevant to the litigation would serve no purpose other than to provide [Puccio] a means of expressing his apparent dissatisfaction with the tax system through vexatious discovery.

Gov.'s Br. at 3 n.1. *See also United States v. Lawn Builders of New England, Inc.*, 856 F.2d 388, 395 (1st Cir. 1988), quoting *Maggio v. Zeitz*, 333 U.S. 56, 69 (1948) ("[A] contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy.").

The government further asserts that the United States Attorney's Office for the District of Massachusetts is not in possession of any of the requested materials.[6] Under

---

[5] As the court explained at the September 22, 2011 hearing, Puccio has other judicial venues available in which to contest the IRS's interpretation of the tax law as it applies to any assessment levied against him.

[6] According to the government, "federal law precludes receipt of tax return information [by the United States Attorney's] Office absent statutorily defined exceptions not present here." Gov.'s Br. at 3, citing *United States v. Recognition*

26 U.S.C. §§ 6103 and 7213, tax returns and return information are confidential. The government states that "in order to receive a copy of any of his returns, Mr. Puccio must request a copy of his tax returns by filing the proper request form (Form 4506) and including the requisite fee." Gov.'s Br. at 4, Ex. A. Because the United States Attorney's Office is not in possession of Puccio's tax returns, and because Puccio is able to obtain copies of his tax returns directly from the IRS, the court will deny his request for documentary evidence.

## ORDER

For the foregoing reasons, the government's motion for contempt is <u>ALLOWED</u>, and Puccio's request for documentary evidence is <u>DENIED</u>. Pursuant to the authority granted by 26 U.S.C. § 7402, Puccio is hereby <u>ORDERED</u> to surrender to the U.S. Marshal at the U.S. Marshal's Office at the John Joseph Moakley U.S. Courthouse in Boston no later than 12:00 p.m. noon on Monday, October 3, 2011. He is to remain in the custody of the U.S. Marshal from day-to-day until such time as he shall obey the court's orders.[7]

---

*Equip. Inc.*, 720 F. Supp. 13, 14 (D.D.C. 1989).

[7] It is with the greatest reluctance that the court will order a citizen held in custody for the violation of a civil order, particularly in a case like this one where I do not doubt the sincerity of Mr. Puccio's beliefs about the constitutionality of the tax laws, however misguided they may be. I also note that he has at all times displayed courtesy and respect for the court and has marshaled his arguments carefully and

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

succinctly. That said, a society that governs itself under the rule of law cannot permit its citizens to pick and choose which among the laws they will or will not obey, at least if that society is to long endure.